I must respectfully dissent from the majority decision concluding that plaintiff contracted an occupational disease and would find that plaintiff has failed to prove by the greater weight of the medical evidence that she sustained an occupational disease within the meaning of the Act.
Dr. Cammarata testified that it was difficult to determine if plaintiff's epicondylitis and radial tunnel syndrome were work related but that her work environment worsened her symptoms. However, he did not testify it worsened her condition as required by Futrell v. ResinallCorporation, 151 N.C. App. 456, 566 S.E.2d 181 (2002). Further, while he does not provide any testimony indicating plaintiff was at an increased risk of developing epicondylitis and radial tunnel syndrome because of her position as an assistant librarian, Dr. Doyle does. However, even a cursory review of her testimony brings into question the bases of her opinions.
During plaintiff's first visit on February 18, 2002, after Dr. Cammarata indicated plaintiff could return to work avoiding cyclical flexion-extension of the elbows and resting between lifting or shelving activities, Dr. Doyle immediately removed plaintiff from work, concluded plaintiff's work involved a great deal of repetitive work and caused her epicondylitis. This initial opinion was rendered based merely on plaintiff's brief description of her work as a lot of shelving, stacking and computer work, and without reviewing a job description or objective testing. Dr. Doyle did not inquire as to how many times per hour and per day plaintiff performed these acts nor the specific type of hand movements she utilized. Importantly, Dr. Doyle could not define the term "repetitious", merely stating, "I don't think there's any set standard Well, repetition is sort of like how do you know it's your Aunt Agnes when it walks in the room You just know it. It's one of those things you just know." Dr. Doyle does not involve herself with the science of classifying jobs as repetitive. Therefore, Dr. Doyle's opinions, though adamant, are based in speculation, are not sufficiently reliable to constitute competent evidence, and should be given no weight. Young v.Hickory Business Furniture, 353 N.C. 227, 538 S.E.2d 912 (2000).
Thus, plaintiff has failed to carry her burden of proving increased risk and causation. Consequently, I would reverse the decision of the Deputy Commissioner and must therefore respectfully dissent from the majority opinion.
 S/_______________ DIANNE C. SELLERS COMMISSIONER